UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGELIO MORENO-GARCIA, JASMINE RANGEL, FRANCISCO MORENO-MAGANA, ANTONIA GARCIA-MENDOZA, ISRAEL MORENO-GARCIA, JUVENAL MORENO-GARCIA, MARIO GUTIERREZ, AMBER HAWK, ALFONSO RANGEL, ANTHONY MAGANA, JUAN DIEGO MORENO-GARCIA, FRANCISCO MORENO-GARCIA, and LUIS BARAJAS,<br><br>             Plaintiffs,<br><br>     v.<br><br>YAKIMA POLICE DEPARTMENT, L.E.A.D. TASK FORCE OFFICERS JOHN and JANE DOES 1-30, CUSTOMS AND BORDER PATROL OFFICERS JOHN and JANE DOES 1-30, YAKIMA SHERIFF'S DEPARTMENT OFFICERS JOHN and JANE DOES 1-30,<br><br>             Defendants. | NO. CV-09-3123-EFS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court, without oral argument, are Plaintiffs' Motion for Entry of Default (Ct. Rec. 4) and Defendants' Motions to Dismiss (Ct.

ORDER * 1

Recs. 13 & 16). For the reasons given below, the Court denies Plaintiffs' motion and grants Defendants' motions.

## I. Background

On June 25, 2009, Plaintiff Jasmine Rangel filed a separate complaint in this Court in which she alleged that Defendants unlawfully seized personal property in connection with a drug forfeiture proceeding at four locations in Washington. Although Defendants had a warrant, Rangel alleged that they seized property not mentioned in the warrant, that she did not receive proper notice, and there is insufficient evidence to show that the articles seized were connected with drug trafficking. Ms. Rangel requested that the Court order Defendants to return the property.

On December 17, 2009, Defendants removed this case from Yakima County Superior Court. Plaintiffs, including Ms. Rangel, allege constitutional violations arising out of the seizure of the same personal property from three of the same locations.[1] In the facts section of the Complaint, they claim damages from injuries to their property that occurred when Defendants unlawfully broke doors to execute the warrants (Ct. Rec. 1 at 20).

Plaintiffs moved for entry of default on April 16, 2010 (Ct. Rec. 4). They did not file an affidavit supporting their motion, however. After Plaintiffs filed their motion for entry of default, Defendants filed answers and the motions under consideration.

---

[1] The Complaint says that Defendants seized property from four locations, but lists only three.

ORDER \* 2

## II. Discussion

**A.   Motion for Entry of Default**

Plaintiffs argue that they properly served Defendants, who failed to respond to their Complaint by the time specified under the Federal Rules of Civil Procedure. Because Defendants ultimately responded with motions to dismiss, and because of the questions about proper service of process raised below, the Court denies Plaintiffs' motion for entry of default as moot.[2] Additionally, the Court notes that the overriding policy of making decisions on their merits disfavors resolving cases by default. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

**B.   Motions to Dismiss**

Defendants move to dismiss the Complaint on three grounds: this action is duplicative of the first case filed by Plaintiff Rangel; service was improper; and only Plaintiff Moreno-Garcia signed the Complaint in this case, so only he should remain as a Plaintiff if the suit is not dismissed in its entirety. Because the Court finds that service was improper, discussion of the other issues is omitted, and the Complaint is dismissed with leave to amend.

In order for the Court to exercise jurisdiction over a defendant, the defendant must be served properly. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The plaintiff has the burden of showing that service of process was sufficient. *Wells v. City of Portland*, 102 F.R.D. 796, 799 (D. Or. 1984). To serve the United States, the plaintiff must deliver a copy of the summons and complaint to the

---

[2] Additionally, Plaintiffs failed to file the affidavit required for entry of default under Federal Rule of Civil Procedure 55.

ORDER ~ 3

United States Attorney for the district in which the action is brought and to the Attorney General of the United States. Fed. R. Civ. P. 4(i). To serve an agency of the United States, the plaintiff must serve both the United States and the agency; to serve an individual, the plaintiff must serve both the United States and the individual. *Id.* A plaintiff serving a local government must either deliver a copy of the summons and complaint to the government's chief executive officer or accomplish service under the state's law. Fed. R. Civ. P. 4(j)(2). A plaintiff must submit an affidavit asserting that service was accomplished, and must effect service within 120 days after the complaint is filed. Fed. R. Civ. P. 4(l), 4(m).

Plaintiffs' affidavit asserts that the Complaint and summons were served on the Yakima Police Department, the LEAD Task Force, the Yakima County Prosecuting Attorney's Office, Immigrations and Customs Enforcement headquarters, and Customs and Border Patrol headquarters. Although Plaintiffs claim that service was effected on the United States Attorney's Office in this district and on the Attorney General, the declaration of service belies that claim. Plaintiffs did not meet their burden of showing adequate service on the federal Defendants.

The municipal defendants were not properly served either. The Yakima Police Department is not a legal entity separate from the City of Yakima, and it lacks capacity to be sued. *Stiffarm v. City of Pullman Police Dep't*, No. CV-04-0414-EFS, 2007 WL 870343, at *5 (E.D. Wash. Mar. 20, 2007); *see also Van Vilkinburgh v. Wulick*, No. C07-5050FDB, 2008 WL 2242470, at *1 (W.D. Wash. May 29, 2008) (citing *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) and *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). Plaintiffs' claim lies with the City of Yakima

ORDER * 4

("City"). They did not serve a complaint and summons on the City's chief executive officer, or follow the procedures required under RCW 4.28.080(2) for service of process on cities. Therefore, service on the City was improper as well.

Plaintiffs' argument that Defendants consented to jurisdiction by a general appearance does not stand. Although Defendants appeared and filed answers, they raised the defense of improper service in those answers. (Ct. Recs. 6, 7, & 9.) When a defendant disputes the sufficiency of service of process in an answer and a post-answer motion to dismiss, the defendant does not waive objection to defects in service. Fed. R. Civ. P. 12(h)(1); *cf. Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."). Defendants did not make a general appearance without disputing sufficiency of service, so that defense was not waived. Because Plaintiffs did not accomplish sufficient service of process, the Complaint is dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Defendants' Motions to Dismiss **(Ct. Recs. 13 & 16)** are **GRANTED**. Plaintiffs' Complaint **(Ct. Rec. 1)** is **DISMISSED without prejudice**.

2. Plaintiffs' Motion for Entry of Default **(Ct. Rec. 4)** is **DENIED.**

3. Plaintiffs' Motions to Strike **(Ct. Recs. 21 & 22)** are **DENIED**.

///
///

ORDER * 5

1    **IT IS SO ORDERED.** The District Court Executive is directed to enter
2    this Order and distribute copies to Plaintiffs and counsel.
3       **DATED** this ____9th____ day of July 2010.

                                S/ Edward F. Shea
                                EDWARD F. SHEA
                           United States District Judge

Q:\Civil\2009\3123.default.dism.wpd

ORDER * 6