UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGELIO MORENO-GARCIA, JASMINE RANGEL, FRANCISCO MORENO-MAGANA, ANTONIA GARCIA-MENDOZA, ISRAEL MORENO-GARCIA, JUVENAL MORENO-GARCIA, MARIO GUTIERREZ, AMBER HAWK, ALFONSO RANGEL, ANTHONY MAGANA, JUAN DIEGO MORENO-GARCIA, FRANCISCO MORENO-GARCIA, and LUIS BARAJAS,<br><br>Plaintiffs,<br><br>v.<br><br>YAKIMA POLICE DEPARTMENT, L.E.A.D. TASK FORCE OFFICERS JOHN and JANE DOES 1-30, CUSTOMS AND BORDER PATROL OFFICERS JOHN and JANE DOES 1-30, YAKIMA SHERIFF'S DEPARTMENT OFFICERS JOHN and JANE DOES 1-30,<br><br>Defendants. | NO. CV-09-3123-EFS<br><br>**ORDER GRANTING YAKIMA COUNTY DEFENDANTS' MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendant Yakima Sheriff's Department Officers' Motion to Dismiss for Insufficient Service

ORDER ~ 1

of Process (ECF No. 31). For the reasons set forth below, the Court grants Defendants' motion.

## I. Background

On June 25, 2009, Plaintiff Jasmine Rangel filed a separate complaint in this Court in which she alleged that Defendants unlawfully seized personal property in connection with a drug forfeiture proceeding at four locations in Washington. Although Defendants had a warrant, Ms. Rangel alleged that they seized property not mentioned in the warrant, that she did not receive proper notice, and there is insufficient evidence to show that the articles seized were connected with drug trafficking. Ms. Rangel requested that the Court order Defendants to return the property.

On November 6, 2009, Plaintiffs, including Ms. Rangel, filed their Complaint in Yakima County Superior Court. (ECF No. 1.) On December 17, 2009, Defendants removed this case from Yakima County Superior Court. Plaintiffs allege constitutional violations arising out of the seizure of the same personal property from three of the same locations.[1] In the facts section of the Complaint, they claim damages from injuries to their property that occurred when Defendants unlawfully broke doors to execute the warrants. (ECF No. 1 at 20.)

On July 12, 2010, the Court dismissed Plaintiffs' claims without prejudice as to Defendants Custom and Border Patrol Officers, John and Jane Does 1-30, Immigration and Custom Enforcement Officers, and Yakima

---

[1] The Complaint says that Defendants seized property from four locations, but lists only three.

ORDER * 2

Police Department for insufficient service of process.  (ECF Nos. 26 & 28.)

## II. Discussion

Defendant Yakima Sheriff's Department Officers move under Federal Rule of Civil Procedure 12(b)(5) to dismiss the Complaint because they have not been properly served with the Summons or Complaint.  Plaintiff did not respond.[2]  Because the Court finds that service was improper, the Complaint is dismissed without prejudice.

**A.  Standard**

Under Federal Rule of Civil Procedure 12(b)(5), the defense of insufficient service of process must be asserted either by answer or by motion.  If asserted by motion, Rule 12(b) states that such a motion "must be made *before pleading* if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b) (emphasis added).  In this case, Defendants filed their Rule 12(b)(5) motion to dismiss *after* asserting in their Answer (ECF Nos. 5 & 7) the defense of improper service.[3]

Courts are split as to whether a Rule 12(b)(5) motion, which is commonly referred to as a "pre-answer" motion, is the proper procedural vehicle for attacking service of process *after* an answer has been

---

[2] Failure to respond constitutes consent of an adverse order.  LR 7.1(e).

[3] The Court recognizes that because Defendants asserted the defense of insufficient service of process in their Answer, that defense was not waived. Fed. R. Civ. P. 12(h)(1) (recognizing that a party waives the defense of insufficient service of process if it does not assert that defense in its answer or by pre-answer motion).

ORDER ~ 3

filed. Several courts have allowed post-answer motions to dismiss based on grounds asserted as defenses in the answer. *See Telesca v. Long Island Hous. P'ship*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 449 n.1 (E.D. Pa. 1999). Other courts insist that post-answer Rule 12(b) motions to dismiss are untimely. *See Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983); *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001).

Notwithstanding the "before pleading" language of Rule 12(b), the lack of other pretrial procedures for raising an improper service defense suggests that post-answer Rule 12(b) motions should be permitted. Rule 12(i) requires courts to hear and decide Rule 12(b)(1)-(7) defenses before trial, whether made in pleading or by motion. Fed. R. Civ. P. 12(i). But because the instant motion does not raise a so-called "nonwaivable" defense, it is not properly before the Court as a Rule 12(h)(2) or 12(h)(3). *See* Fed. R. Civ. P. 12(h)(2) & (h)(3) (allowing parties to raise defenses subject-matter jurisdiction, failure to state a claim, or failure to join an indispensable party at any time). And because the motion does not go to the merits of the action, it is not properly brought by a motion for summary judgment. *See United States v. Marple Cmty. Record, Inc.*, 335 F. Supp. 95, 101 (E.D. Pa. 1971). Left with no alternative procedural approach, the Court considers the instant motion under Rule 12(b)(5).

In considering a Rule 12(b)(5) motion to dismiss, courts must accept as true all well-pleaded allegations in the complaint, but may reference the record to determine the alleged insufficiency of service of process.

ORDER * 4

5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1353 (3d. Ed. 1998).

**B.  Motion to Dismiss for Insufficient Service**

In order for the Court to exercise jurisdiction over a defendant, the defendant must be served properly. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The plaintiff has the burden of showing that service of process was sufficient. *Wells v. City of Portland*, 102 F.R.D. 796, 799 (D. Or. 1984). A plaintiff serving a local government must either deliver a copy of the summons and complaint to the government's chief executive officer or accomplish service under the state's law. Fed. R. Civ. P. 4(j)(2). A plaintiff serving individuals must follow state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *Id*. at 4(e)(1).

Under Washington Civil Rule (CR) 4(d)(1) and (2), the summons and complaint must be served together and in accordance with RCW 4.28.080. RCW 4.28.080 provides that a plaintiff must serve an individual defendant "personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion . . . ." RCW 4.28.080(15). If an individual cannot be located in this manner, service may be completed "[b]y leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail . . . ." *Id*. at (16).

A plaintiff must effect service within 120 days after the complaint is filed. *Id*. at 4(l), 4(m). Washington law requires a plaintiff to

ORDER \* 5

file the complaint and then serve the summons and complaint within ninety (90) days for purpose of tolling the statute of limitations. RCW 4.16.170. Under both federal and Washington law, a plaintiff must submit an affidavit asserting that service was accomplished.

Plaintiffs' attempt at serving Defendant Yakima Sheriff's Department Officers was insufficient. Plaintiffs attached to the end of the initial Complaint a "Proof of Service & Declaration" signed by Daniel Marc-Roland Cortier. (ECF No. 1 at 13.) This document indicates that a copy of the Complaint was sent by first class mail to the Yakima Police Department, Yakima Prosecutor's Office, L.E.A.D. Task Force in Zillah, Washington, and United States Customs and Border Patrol and Immigration and Custom Enforcement Offices in Washington, D.C. *Id.* Nowhere in the record is there any evidence that Plaintiffs attempted to serve Defendants Yakima Sheriff's Department Officers either individually or collectively.

Because more than ninety days have passed since Plaintiffs filed their Complaint in Yakima County Superior Court, and more than 120 days have passed since Plaintiffs' Complaint was removed to this Court, Plaintiffs have failed to complete service upon Yakima Sheriff's Department Officer Defendants. And because Plaintiffs did not timely respond to Defendants' motions, the Court may assume they consent to dismissal.[4]  LR 7.1(e).

### III. Conclusion

---

[4] On August 20, 2010, the Court notified Plaintiffs, as a pro se litigants, that their "failure to file a response [would] constitute [their] consent to the Court, granting the motion." (ECF No. 34 & 35.)

ORDER * 6

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Yakima Sheriff's Department Officers Defendants' Motion to Dismiss for Insufficient Service of Process **(ECF No. 31)** is **GRANTED.** Plaintiffs' Complaint **(ECF No. 1)** is **DISMISSED without prejudice** as to Defendants Yakima Sheriff's Department Officers John and Jane Does 1-30.

2. **Judgment** is to be entered in favor of Defendants Yakima Sheriff's Department Officers John and Jane Does 1-30s.

3. **Within thirty (30) days of the date of this Order**, Plaintiffs shall show cause as to how the only remaining Defendant, L.E.A.D. Task Force, has properly been served. If Plaintiffs fail to do so, the Court will dismiss the L.E.A.D. Task Force Defendants, strike all hearings and pending deadlines, and close this file.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to distribute copies to Plaintiff and counsel.

**DATED** this ___27th___ day of October 2010.

                                           s/Edward F. Shea
                                           EDWARD F. SHEA
                               United States District Judge

Q:\Civil\2009\3123.Dismiss.wpd

ORDER * 7